

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00708-CV

**TEXAS BRANDON CORPORATION, INC.,**
Appellant

v.

**EOG RESOURCES, INC.**, Karhuhn Oil, Robert E. Brandt, Joachim K. Leicht, Dick A. Tracey,
Chad E. Brandt, Alicat Energy L.L.C. and Fred Levine,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 16-03-00066-CVK
Honorable Russell Wilson, Judge Presiding

PER CURIAM

Sitting:    Sandee Bryan Marion, Chief Justice
            Karen Angelini, Justice
            Irene Rios, Justice

Delivered and Filed: November 21, 2018

DISMISSED FOR LACK OF JURISDICTION

In the original petition, Texas Brandon Corporation ("TBC"), Celia Segall Davis, Candace S. Thompson, Shirley Green, and American Crude, Inc. brought trespass to try title and declaratory judgment actions against EOG Resources, Inc. ("EOG"). Thereafter, EOG filed a Third-Party Petition against Karbuhn Oil Company, Robert E. Brandt, Joachim K. Leicht, Dick A. Tracy, Chad E. Brandt, and AliCat Energy, LLC (collectively "Third-Party Defendants"). The plaintiffs collectively and Ron Wilson then filed an amended petition in which Fred Levine was added as a defendant, raising claims of breach of contract, breach of fiduciary duty, negligence, gross

negligence, conversion, fraud, and discrimination. Additionally, Davis and Thompson filed a second amended petition against EOG, the Third-Party Defendants, and Levine.

According to the record before us, multiple motions for summary judgment were filed in the underlying case. On August 28, 2018, Levine filed a motion for summary judgment against TBC. On August 29, 2018, the Third-Party Defendants filed a motion for summary judgment against all plaintiffs except Wilson. Also on August 29, 2018, EOG filed a motion for summary judgment against TBC. Finally, on August 30, 2018, TBC and Ron Wilson filed a motion for summary judgment against EOG, Levine, and the Third-Party Defendants.

Included in the record before us are four orders signed by the trial court on September 20, 2018. According to the record, the trial court signed two orders granting Levine's motion for summary judgment and ordered that TBC take nothing on its claims against Levine. The trial court also granted EOG's motion for summary judgment, ordering that TBC take nothing on its claims against EOG, "including its working interest claim." Finally, the trial court denied TBC and Ron Wilson's motion for summary judgment. The record does not contain an order disposing of the Third-Party Defendants' motion for summary judgment. Further, the record does not contain an order disposing of any plaintiffs' claims, other than TBC's.

TBC then filed two notices of appeal, indicating that it intends to appeal from the trial court's orders granting Levine's and EOG's motions for summary judgment and denying TBC's motion for summary judgment.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the trial court's orders of September 20, 2018, are interlocutory because they do not dispose of all parties and causes of action. Further, the record does not include any motion severing claims or parties. Thus, the orders are not final and appealable orders. Interlocutory orders may be

appealed only if a specific statute authorizes such an interlocutory appeal.  For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a party may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014.  We cannot, however, find any statutory authority that allows a party to appeal from such interlocutory orders as those contained in the record before us.

On October 25, 2018, we ordered appellant to show cause in writing on or before November 9, 2018 why this appeal should not be dismissed for lack of jurisdiction.  On November 9, 2018, we received a letter from appellant stating that appellant "does not intend to challenge the Court's analysis that it does not have jurisdiction at this time."

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM